

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONALD A. DEWEY as Conservator
for NATHAN A. DEWEY, and
DONALD A. DEWEY and ANN DEWEY,
as individuals

USDC NO: 4: **04 - 10125**

Plaintiffs,

Hon. **Judge David M. Lawson**

-vs-

PRESQUE ISLE COUNTY, ROBERT SCHELL,
ALLAN H. BRUDER, MICHAEL A. DARGA, GARY
L. WOZNIAK, DONALD G. FIELD, SHERIFF
TERRY D. FLEWELLING, JAMIE
MEYERS, LISA SCHULTZ, KEN BIELES, and
JOHN DOE(S) and/or JANE DOE(S) AS YET
UNKNOWN, JOINTLY AND SEVERALLY

**MAGISTRATE JUDGE
CHARLES E. BINDER**

Defendants.

---

JOHN H. UNDERHILL, P.C.
John H. Underhill (P42326)
Attorney for Plaintiffs
718 Ashmun Street
Sault Ste. Marie, MI 49783
(906) 632-6020

HARRY INGLESON II (P26096)
Co-Counsel for Plaintiffs
1231 US 31 North
Petoskey, MI 49770
(231) 347-4180

---

**THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THIS COMPLAINT.**

## COMPLAINT

NOW COMES Plaintiffs Donald A. Dewey as Conservator for Nathan A. Dewey, and Donald A. Dewey and Ann Dewey, as individuals, by and through their counsel, John H. Underhill, P.C., by John H. Underhill, and Harry Ingleson II and for their Complaint against the above named Defendants, say as follows:

1. Plaintiff Donald A. Dewey is the duly appointed conservator for Nathan A. Dewey, his son, by virtue of Presque Isle County Probate Court Order dated

John H. Underhill
P.C.
Attorney at Law

718 Ashmun St.
Sault Ste. Marie, MI
49783
(906) 632-6020
Fax: (906) 632-3414

Grand Marais, MI
49839
(906) 494-2678

February 19, 2003.

2.  Donald A. Dewey and Ann Dewey, husband and wife, and caretakers of Nathan A. Dewey, are residents of the County of Presque Isle, state of Michigan.

3.  Defendant Presque Isle County is a governmental entity existing by virtue of the laws of the state of Michigan who is charged with oversight responsibilities over its subdivisions of county government including, but not limited to, the Presque Isle County Sheriff's Department including operations of the Presque Isle County Jail.

4.  Robert Schell, Allan H. Bruder, Michael A. Darga, Gary L. Wozniak and Donald G. Field are the duly elected officials who together constituted the Presque Isle County Board of Commissioners on December 24, 2002 and for sometime prior thereto, who, in their official capacities, were the operating "arm" of Presque Isle County government charged with creating and/or implementing the operational policies of Presque Isle County.

5.  Terry D. Flewelling was/is the sheriff of Presque Isle County who, inter alia, controls and operates the Presque Isle County Jail and who has oversight responsibility(s) over the jail including control of the individuals employed at the jail who are charged with taking care of incarcerated individuals and/or otherwise creating and/or implementing the policies of Presque Isle County and/or the Presque Isle County Sheriff's Department as it specifically relates to jail operations and, specifically, to make sure the inmates are treated and protected in a manner consistent with their constitutional rights including providing necessary medical care and treatment to those incarcerated in the Presque Isle County Jail.

6.  Jamie Meyers was/is an employee of the Presque Isle County Sheriff's

John H. Underhill
P.C.
*Attorney at Law*

718 Ashmun St.
Sault Ste. Marie, MI
49783
(906) 632-6020
Fax: (906) 632-3414

Grand Marais, MI
49839
(906) 494-2678

2

Department and/or Presque Isle County Jail who was on duty on December 23, 2002 and/or December 24, 2002.

7. Lisa Schultz was/is an employee of the Presque Isle County Sheriff's Department and/or Presque Isle County Jail who was on duty on December 23, 2002 and/or December 24, 2002.

8. Ken Bieles was/is an employee of the Presque Isle County Sheriff's Department and/or Presque Isle County Jail who was on duty on December 23, 2002 and/or December 24, 2002.

9. John Doe(s) and/or Jane Doe(s), who are as yet unknown, were/are employees of Presque Isle County Sheriff's Department and/or Presque Isle County Jail who were on duty December 24, 2002 and/or during other time periods relevant to the actions and/or inactions complained of herein.

10. During November of 2002, Nathan A. Dewey, a teenager, was incarcerated in the Presque Isle County Jail. It was known at that time by the Presque Isle County Sheriff and Jail personnel that Nathan A. Dewey had suicidal thoughts and, in fact, they knew that Nathan A. Dewey suffered from severe depression, other mental medical conditions and had suicidal thoughts over an appreciable period of time prior thereto.

11. In fact, after Nathan A. Dewey's initial incarceration in November of 2002, and while he was still incarcerated, the employees of the Presque Isle County Sheriff's Department and/or of the Presque Isle County Jail became aware that Nathan A. Dewey, in furtherance of his suicidal thoughts and tendencies, inflicted injuries to his body.

12. In fact, on or about December 21, 2002, because jail personnel

John H. Underhill
P.C.
*Attorney at Law*

718 Ashmun St.
Sault Ste. Marie, MI
49783
(906) 633-6020
Fax: (906) 632-3414

Grand Marais, MI
49839
(906) 494-2078

3

became aware that Nathan A. Dewey had inflicted injuries upon his body, Dewey was moved to a "holding" cell but jail personnel failed to remove all instruments with which he could use to injure himself and/or attempt suicide.

13. On or about December 22, 2002, jail personnel became aware that, during and/or after a visitation with his parents, Nathan A. Dewey became agitated and was physically acting out that agitation.

14. On or about December 23, 2002 and/or prior thereto, employees of the Presque Isle County Sheriff's Department and/or Presque Isle County Jail became aware of Nathan A. Dewey's deteriorating mental condition and the strong likelihood that he would attempt suicide.

15. On December 23, 2002, Dewey was transported from the jail to obtain mental health services and to be examined by a medical doctor who then provided specific instructions/directions to jail personnel to institute "suicide preventions and remove all possible methods". (See attached exhibit "A".)

16. Despite receiving the above described instructions/directions and having knowledge of the mental condition(s), suicidal thoughts and tendencies of Nathan A. Dewey over an appreciable period of time, Presque Isle County Jail officials, in "deliberate indifference" to the obvious known serious medical needs of Nathan A. Dewey, utterly failed to follow those instructions/directions given by the treating medical doctor and, in fact, even provided the means for which Nathan A. Dewey could attempt suicide by hanging himself which, he did, within hours of being diagnosed with having suicidal tendencies and being returned to the Presque Isle County jail under a suicide watch.

17. In fact, Nathan A. Dewey was only discovered hanging from the bars

John H. Underhill
P.C.
Attorney at Law

718 Ashmun St.
Sault Ste. Marie, MI
49783
(906) 632-6020
Fax: (906) 632-3414

Grand Marais, MI
49839
(906) 494-2678

4

of the cell he was in when another prisoner awoke to observe him hanging. That other prisoner was only able to notify jail personnel by shouting and throwing personal items at the window of the dispatch office. In other words, there was no direct observation and/or communication link to keep a continuing watch on Nathan A. Dewey, a teenager, in "deliberate indifference" to the serious medical needs of Nathan A. Dewey.

18. To add insult to injury, and in "deliberate indifference" to the serious medical needs of Nathan A. Dewey, after Nathan A. Dewey was found hanging in his cell by another prisoner who began attempts to revive Nathan A. Dewey, jail personnel, who may have been qualified to provide CPR, failed to immediately provide CPR in favor of simply directing the other prisoner to continue to attempt CPR.

19. There existed a special relationship between Nathan A. Dewey and his jailers by virtue of his incarceration.

20. Defendants Presque Isle County, Robert Schell, Allan H. Bruder, Michael A. Darga, Gary L. Wozniak, Donald G. Field, and Sheriff Terry D. Flewelling utterly failed to have in place any appropriate policy and/or any existing policy was wholly inadequate and/or was not followed throughout November and December 2002 when Nathan A. Dewey physically acted out his suicidal tendencies by engaging in self-injurious behavior and finally attempted suicide with a bed sheet that was provided to him in utter disregard for his safety considering the knowledge his jailers had of the strong likelihood that Nathan A. Dewey would attempt suicide.

21. In fact, having notice of a substantial risk to Nathan A. Dewey's safety over an appreciable period of time by virtue of Dewey's mental condition(s), prior

John H. Underhill
P.C.
*Attorney at Law*

718 Ashmun St.
Sault Ste. Marie, MI
49783
(906) 632-6020
Fax: (906) 632-3414

Grand Marais, MI
49839
(906) 494-2678

5

thoughts of suicide and his escalating outward manifestations of self-destructive injurious behavior revealing his obvious intent to harm and/or kill himself, the Defendants, as a custom and/or policy and/or practice, manifested a "deliberate indifference" to the serious medical needs of those incarcerated in the Presque Isle jail who, like Nathan A. Dewey, because of mental conditions and/or suicidal tendencies, should have been put in a cell the total confines of which could be readily observed, by sight and/or sound, so as to ensure the reasonable safety of those who needed to be observed because of their mental condition(s) and consequent suicidal tendencies and/or self injurious behavior, by failing to have such a room and/or cell available and/or failing, as an alternative, to have in place a custom and/or policy whereas those inmates, like Nathan A. Dewey, would be put in a room and/or cell that was available where they could be closely monitored, by sight and/or sound, to ensure their safety in light of a known strong likelihood of risk that they would attempt suicide and/or otherwise harm themselves.

22. It was the custom and/or practice and/or policy of Presque Isle County officials and/or Presque Isle Sheriff's Department officials and/or Presque Isle jail supervisory officials to place those incarcerated in the Presque Isle jail who, for one reason on another, required observation to keep them reasonably safe, in a "holding tank" which, because of a steel plate, could allow an inmate, such as Nathan A. Dewey, to attempt suicide and/or engage in self-injurious behavior without being noticed from the "dispatch" area and/or from outside the cell.

23. Further, it was the custom and/or practice and/or policy of Presque Isle County officials and/or Presque Isle Sheriff's Department officials and/or Presque Isle jail supervisory officials not to properly train those jail employees charged with

John H. Underhill
P.C.
Attorney at Law

718 Ashmun St.
Sault Ste. Marie, MI
49783
(906) 632-6020
Fax: (906) 632-3414

Grand Marais, MI
49839
(906) 494-2678

ensuring the reasonable safety of those incarcerated in the Presque Isle County jail, to properly monitor the activities of those inmates they knew possessed a strong likelihood of attempting suicide and/or self-injurious behavior and/or to take all reasonable steps to at least ensure that the means and/or instrumentalities would not be provided to increase the risk that those inmates could and/or would attempt suicide and/or otherwise inflict injuries upon themselves.

24. The policy(s), practices, actions and/or inactions of the Defendants, as more particularly described above, constitute "deliberate indifference" to the serious medical needs of Nathan A. Dewey in violation of Dewey's constitutional rights as guaranteed by the 8th Amendment to the United States Constitution as enforced by 42 USC § 1983.

25. As a result of the Defendants' "deliberate indifference" to the serious medical needs of Nathan A. Dewey, as more particularly described above, and as a direct result of providing Dewey with the means to attempt suicide, Dewey did attempt suicide and suffered catastrophic injuries which will require Dewey to be provided with 24 hour care for the rest of his life.

26. As a result of the Defendants' "deliberate indifference" to the serious medical needs of Nathan A. Dewey, as more particularly described above, and as a direct result of providing Dewey with the means to attempt suicide, Plaintiffs' Donald and Ann Dewey have suffered, and will continue to suffer, significant economic damages representing the costs associated with providing custodial and attendant care, room and board, and transportation of Nathan A. Dewey for purposes of medical treatment and further and other economic damages related to providing attendant and custodial care to Nathan A. Dewey. They seek to be

John H. Underhill
P.C.
Attorney at Law

718 Ashmun St.
Sault Ste. Marie, MI
49783
(906) 632-6020
Fax: (906) 632-3414

Grand Marais, MI
49839
(906) 494-2678

7

reimbursed for services already provided and costs already incurred as well a money judgment to reflect those services and costs that are sure to be provided and/or incurred in the future for the rest of Nathan A. Dewey's life.

27. This case is brought pursuant to 42 USC § 1983.

28. This Court has jurisdiction pursuant to 28 USC § 1331.

29. The Plaintiffs' seek money judgment in excess of $75,000.00 reflecting all damages allowed by law as well as all costs and fees allowed by law.

30. The Plaintiffs' seek trial by jury.

**WHEREFORE**, Plaintiffs seek money judgment in excess of $75,000.00 as found appropriate by the trier of fact together with all costs, interest and attorney fees so wrongfully incurred.

RESPECTFULLY SUBMITTED,

JOHN H. UNDERHILL, P.C.

Dated: 5/4/04

John H. Underhill (P42326)
Attorney for Plaintiffs
718 Ashmun Street
Sault Ste. Marie, MI 49783
(906) 632-6020

Dated: 5/4/04

Harry Ingleson II (P26096)
Co-Counsel for Plaintiffs
1231 US 31 North
Petoskey, MI 49770
(231) 347-4180

John H. Underhill
P.C.
*Attorney at Law*

718 Ashmun St.
Sault Ste. Marie, MI
49783
(906) 632-6020
Fax: (906) 632-3414

Grand Marais, MI
49839
(906) 494-2678

JS 44 11/99 **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I. (a) PLAINTIFFS**
DONALD A. DEWEY as Conservator for NATHAN A. DEWEY, and DONALD A. DEWEY and ANN DEWEY, as individuals

**DEFENDANTS** Presque Isle County, Robert Schell, Allan H. Bruder, Michael Darga, Gary Wozniak, Donald Field, Sheriff Terry Flewelling, Jamie Meyers, Lisa Schultz, Ken Bieles & John Doe(s) &/or Jane Doe(s) as yet unknown, jointly and severally

(b) County of Residence of First Listed: Presque Isle
County of Residence of First Listed: Presque Isle

(C) Attorney's (Firm Name, Address, and Telephone Number)
John H. Underhill, P.C. P-42326
718 Ashmun, Sault Ste. Marie, MI 49783

Harry Ingleson II P-26096
1231 US 31N, Petoskey, MI 49770

Attorneys (If Known): **04-10125**

**Judge David M. Lawson**

**MAGISTRATE JUDGE CHARLES E. BINDER**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

CONTRACT: 110 Insurance, 120 Marine, 130 Miller Act, 140 Negotiable Instrument, 150 Recovery of Overpayment and Enforcement of Judgment, 151 Medicare Act, 152 Recovery of Defaulted Student Loans (Excl. Veterans), 153 Recovery of Overpayment of Veteran's Benefits, 160 Stockholders' Suits, 190 Other Contract, 195 Contract Product Liability

TORTS - PERSONAL INJURY: 310 Airplane, 315 Airplane Product Liability, 320 Assault Libel And Slander, 330 Federal Employers' Liability, 340 Marine, 345 Marine Product Liability, 350 Motor Vehicle, 355 Motor Vehicle Product Liability, 360 Other Personal Injury

PERSONAL INJURY: 362 Personal Injury - Med. Malpractice, 365 Personal Injury - Product Liability, 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY: 370 Other Fraud, 371 Truth In Lending, 380 Other Personal Property Damage, 385 Property Damage Product Liability

FORFEITURE/PENALTY: 610 Agriculture, 620 Other Food & Drug, 625 Drug Related Seizure of Property 21: 881, 630 Liquor Laws, 640 R.R. & Truck, 650 Airline Regs., 660 Occupational Safety/Health, 690 Other

LABOR: 710 Fair Labor Standards Act, 720 Labor/Mgmt. Relations, 730 Labor/Mgmt. Reporting & Disclosure Act, 740 Railway Labor Act, 790 Other Labor Litigation, 791 Empl. Ret. Inc. Security Act

BANKRUPTCY: 422 Appeal 28 USC 158, 423 Withdrawal 28 USC 157

PROPERTY RIGHTS: 820 Copyrights, 830 Patent, 840 Trademark

SOCIAL SECURITY: 861 HIA (1395ff), 862 Black Lung (923), 863 DIWC/DIWW (405(g)), 864 SSID Title XVI, 865 RSI (405(g))

FEDERAL TAX SUITS: 870 Taxes (U.S. Plaintiff or Defendant), 871 IRS-Third Party 26 USC 7609

OTHER STATUTES: 400 State Reapportionment, 410 Antitrust, 430 Banks and Banking, 450 Commerce/ICC, 460 Deportation, 470 Racketeer Influenced & Corrupt Organizations, 810 Selective Service, 850 Securities/Commodities/ Exchange, 875 Customer Challenge 12 USC 3410, 891 Agricultural Acts, 892 Economic Stabilization Act, 893 Environmental Matters, 894 Energy Allocation Act, 895 Freedom of Information Act, 900 Appeal of Fee Determination Under Equal Access to Justice, 950 Constitutionality of State Statutes, 890 Other Statutory Actions

REAL PROPERTY: 210 Land Condemnation, 220 Foreclosure, 230 Rent Lease & Ejectment, 240 Torts to Land, 245 Tort Product Liability, 290 All Other Real Property

CIVIL RIGHTS: 441 Voting, 442 Employment, 443 Housing/Accommodations, 444 Welfare, [X] 440 Other Civil Rights

PRISONER PETITIONS: 510 Motions to Vacate Sentence Habeas Corpus: 530 General, 535 Death Penalty, 540 Mandamus & Other, 550 Civil Rights, 555 Prison Condition

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multi district Litigation
[ ] 7 Appeal to District Judge from Magistrate

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 USC 1983 - Violation of U.S. Constitution 8th Amendment

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
$ DEMAND in excess of $75,000.00
CHECK YES only if demanded in complaint: JURY DEMAND [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ___ DOCKET NUMBER ___

DATE: May 4, 2004
SIGNATURE OF ATTORNEY OF RECORD: /s/ John H. Underhill

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?      ☐ Yes   [X] No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)    ☐ Yes   [X] No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes: